**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


JASON DARNELL MOBLEY,      )
                                   )
              Plaintiff,    )
                                   )
              v.            )         1:17cv115
                                   )
GUILFORD COUNTY SHERIFF'S    )
OFFICE, et al.,               )
                                   )
              Defendants.   )


**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**LEGAL STANDARD**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256–57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954.

Additionally, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"Where a complaint pleads facts that are 'merely consistent with'

a defendant's liability, it 'stops short of the line between

possibility and plausibility of "entitlement to relief."'"   Id.

(quoting Twombly, 550 U.S. at 557).   This standard "demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation."

Id.   In other words, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to

legal conclusions.   Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not

suffice."   Id.[1]

---

[1] Although "[a] document filed *pro se* is to be liberally
construed and a *pro se* complaint, however inartfully pleaded, must
be held to less stringent standards than formal pleadings drafted
by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation
and internal quotation marks omitted), the United States Court of
Appeals for the Fourth Circuit has "not read *Erickson* to undermine
*Twombly*'s requirement that a pleading contain more than labels and
conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th
Cir. 2008) (internal quotation marks omitted) (dismissing pro se
complaint); accord Atherton v. District of Columbia Office of
Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint
. . . 'must be held to less stringent standards than formal
pleadings drafted by lawyers.' But even a *pro se* complainant must
plead 'factual matter' that permits the court to infer 'more than
the mere possibility of misconduct.'" (first quoting Erickson, 551
U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).   Put another
way, "[t]he mandated liberal construction afforded to pro se
pleadings means that if the court can reasonably read the pleadings
to state a valid claim on which the plaintiff could prevail, it
should do so, but a district court may not rewrite a petition to
include claims that were never presented, *Barnett v. Hargett*, 174
F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's
legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18
(7th Cir. 1993), or 'conjure up questions never squarely presented'

**INTRODUCTION**

Asserting jurisdiction pursuant to "42 U.S.C. § 1983" (Docket Entry 2 at 1), Plaintiff initiated this action against the Court Services Bureau, Greensboro Detention Center, Legal Process Division, Greensboro Detention Infirmary (collectively, the "Jail Defendants"), Sheriff BJ Barnes ("Sheriff Barnes"), and Guilford County Sheriff's Office (collectively with Jail Defendants and Sheriff Barnes, the "Defendants") (id. at 1-2). The Complaint's statement of claim states in its entirety:

> On October 31, 2013[, Plaintiff] was arrested and falsely accused of the possess[ion] of marijuana with the intent to sell and drug paraphernalia. On that date[, Plaintiff] was finger printed and booked on these allegations. This imprisonment lasted five (5) months and ten (10) days. [Plaintiff] was denied a Speedy Due Process based upon the [i]ncompetence of the Court Services Bureau scheduling an Attorney who was not a Court-Appointed Attorney. By the time this error had been remedied and [Plaintiff's] case assigned to a current Court-Appointed Attorney with a calendar date, this duration of confinement continued. On February 4, 2014[,] Court-Appointed Attorney, Michah Huggins met behind closed Quarts [sic] in a Superior Judge['] s chambers and all charges were dismissed. During this confinement[, Plaintiff] was housed in 3B6. This accommodation also was infected with a bacterial infection which [Plaintiff] became contaminated with. [Plaintiff] was given a[n] antibiotic cream and placed into isolation. Since coming in contact with this unknown bacteria [Plaintiff's] body has exacerbated into full multiple sclerosis.

---

to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)." Anderson v. Galvin, Civ. Action No. 0:08-744, 2008 WL 4441940, at *2 (D.S.C. Sept. 29, 2008).

(Id. at 2-3.)  The Complaint further requests $10 million in punitive damages for Plaintiff's "[i]nvalid [i]ncarceration" (id. at 4).

Plaintiff attached to the Court's "Pro se [Non-prisoner] Complaint Form" (id. at 1) the following documents: "Guilford County Court Information" (id. at 5-6), verifications of Plaintiff's charges for misdemeanor possession of drug paraphernalia and felony possession with intent to sell/distribute marijuana (id. at 7-9),[2] a one-page statement elaborating upon Plaintiff's claims and injuries (id. at 10), and several letters that Plaintiff wrote to various individuals regarding his underlying state-court criminal case and the appointment of counsel issue in that case (id. at 11-15).  The undersigned Magistrate Judge has considered the Complaint in conjunction with each of these filings for purposes of this Section 1915(e)(2) review.  See, e.g., Anderson v. Miller, Civ. Action No. 0:08-743, 2008 WL 5100845, at *1 n.2, *4 (D.S.C. Dec. 2, 2008) (construing the plaintiff's pro se complaint and attached documents together when deciding whether the action failed to state a claim for relief under 28 U.S.C. § 1915(e)(2)).

---

[2] Two of the verifications state that the charges remain "pending" (Docket Entry 2 at 7-8 (all-caps omitted)), and the third verification shows that the felony possession with intent to sell/distribute marijuana charge was "disposed" (id. at 9 (all-caps omitted)).

**DISCUSSION**

Construed liberally, Plaintiff's filings appear to raise three Section 1983 claims:  (i) "Speedy Due Process" violation (i.e., delay in receiving a court-appointed attorney), (ii) false arrest, and (iii) "bacterial infection."  (Docket Entry 2 at 2-3.) However, for the reasons explained below, Plaintiff's claims qualify as frivolous against Jail Defendants and the Guilford County Sheriff's Office, and his filings fail to state a claim for relief against Sheriff Barnes.

**I.  Jail Defendants and the Guilford County Sheriff's Office**

As an initial matter, Jail Defendants consist of various divisions within the Guilford County Sheriff's Office.  (See Guilford County Sheriff's Office, Court Services Bureau, http://www.gcsonc.com/command/court-services-bureau (last visited Apr. 19, 2017) (stating that the Court Services Bureau operates the detention centers within the Guilford County Sheriff's Office); Guilford County Sheriff's Office, Detention Centers, http://www.gcsonc.com/detention-centers (last visited Apr. 19, 2017) (noting that the "Guilford County Sheriff's Office is responsible for the care and custody of inmates incarcerated at . . . [the] Greensboro Detention Center," including "[h]ealthcare [s]ervices"); Guilford County Sheriff's Office, Legal Process, http://www.gcsonc.com/legal-division (last visited Apr. 19, 2017)

(stating that the "Guilford County Sheriff's Office Legal Process Division consists of the Warrant Squad, Civil Process Section and Records Section").  The Guilford County Sheriff's Office, however, does not qualify as a legal entity capable of being sued under 42 U.S.C. § 1983.

"State law dictates whether a governmental agency has the capacity to be sued in federal court.  *Avery v. Burke*, 660 F.2d 111, 113–14 (4th Cir. 1981).  There is no North Carolina statute authorizing suit against a county's sheriff's department."  Efird v. Riley, 342 F. Supp. 2d 413, 419–20 (M.D.N.C. 2004); see also Parker v. Bladen Cty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (dismissing Section 1983 claims against the Bladen County Sheriff's Department because it "lacks legal capacity to be sued," as no North Carolina "statute authoriz[es] suit against a North Carolina county's sheriff's department" (citing Efird, 342 F. Supp. 2d at 420)).  Therefore, the Guilford County Sheriff's Office and Jail Defendants - as various divisions within the Guilford County Sheriff's Office - "[are] not amenable to suit under § 1983." Bettis v. Madison Cty. Sheriff's Dep't, No. 1:10-CV-69, 2012 WL 161250, at *2 (W.D.N.C. Jan. 19, 2012) (observing that the plaintiff "fail[ed] to present any authority indicating that the [county's sheriff's office] is an entity with the capacity to be sued")); see also Landry v. North Carolina, No. 3:10-CV-585, 2011 WL 3682788, at *2 (W.D.N.C. Aug. 23, 2011) (dismissing claims

against the Mecklenburg County Sheriff's Office because "[t]here is no statute in North Carolina that authorizes suit against a county's sheriff's department"); cf. Efird, 342 F. Supp. 2d at 420 (concluding that "the sheriff, rather than the department or associated county, may be held liable for . . . violations within the department").[3]

---

[3] Consistent with the conclusion above, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). Plaintiff must therefore raise his Section 1983 claims "against a 'person.'" Conley v. Ryan, 92 F. Supp. 3d 502, 519 (S.D. W. Va. 2015); see also Latham v. Southern Health Partners, No. 4:14-CV-4160, 2016 WL 867026, at *1 (W.D. Ark. Feb. 16, 2016) (collecting cases holding that "[t]he sheriff's department is a building and not a person or a legal entity subject to suit under § 1983"), recommendation adopted, 2016 WL 868832 (W.D. Ark. Mar. 7, 2016); Wiley v. Buncombe Cty., 846 F. Supp. 2d 480, 486 (W.D.N.C. 2012) ("In order to successfully allege a violation of 42 U.S.C. § 1983, the plaintiff must allege that a 'person' acting under the color of state law violated the plaintiff's constitutional rights. The [county detention facility] is not a person under § 1983."); Evans v. City of Sumter, S.C., Civ. Action No. 3:07-2688, 2008 WL 4177225, at *3 (D.S.C. Sept. 3, 2008) ("Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. Hence, the [police department] is not a 'person' subject to suit under § 1983." (citations omitted)).

Under these circumstances, Plaintiff's claims against Jail Defendants and the Guilford County Sheriff's Office fail in such obvious fashion as to qualify as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  Sheriff Barnes

With regard to Sheriff Barnes, Plaintiff fails to identify whether he proceeds against Sheriff Barnes in his official and/or individual capacity.  (See Docket Entry 2 at 1-15.)[4]  Out of an abundance of caution, the undersigned United States Magistrate Judge will therefore analyze Plaintiff's Section 1983 claims under both official and individual capacity theories of liability.

## A. Sheriff Barnes – Official Capacity Claims

First, official capacity liability attaches under Section 1983 only if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992) (internal quotation marks omitted).[5]  Notably, an official's discretionary

---

[4] In fact, other than listing Sheriff Barnes as a party to this action (Docket Entry 2 at 2), none of Plaintiff's filings so much as mention his name (see id. at 1-15), much less provide sufficient factual matter to state a claim for relief (see id.)

[5] "Sheriff [Barnes], as a local official, is not entitled to Eleventh Amendment immunity from Plaintiff's official capacity § 1983 claim[s]."  Gantt v. Whitaker, 203 F. Supp. 2d 503, 509 (M.D.N.C. 2002) (citing Harter v. Vernon, 101 F.3d 334, 343 (4th Cir. 1996)).

acts, exercised in carrying out official duties, do not always represent official policy. Gantt v. Whitaker, 203 F. Supp. 2d 503, 509 (M.D.N.C. 2002). "Rather, the official must have 'final authority' over government policy with respect to the action in question" to trigger official liability. Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 481-82 (1986)). Further, "[o]fficial liability under § 1983 may *not* be premised on a respondeat superior or other vicarious liability theory." Id. (emphasis in original) (citing Collins, 503 U.S. at 121).

In this case, Plaintiff has not alleged that his Section 1983 claims resulted from an official policy or custom that Sheriff Barnes implemented. (See Docket Entry 2 at 1-15.) For example, Plaintiff does not contend "that Sheriff [Barnes], as the official whose acts or edicts represent the official policy of the [Guilford County] Sheriff's Office, ordered, directed, or otherwise caused," Gantt, 203 F. Supp. 2d at 509-10 (brackets, ellipsis, citation, and internal quotation marks omitted), the alleged speedy due process violation (i.e., delay in receiving a court-appointed attorney), false arrest, or bacterial infection. (See Dock Entry 2 at 1-15.) Because Plaintiff fails to allege that Sheriff Barnes "order[ed] or authorize[d] any constitutionally proscribed action," he has not stated a Section 1983 official liability claim. Gantt, 203 F. Supp. 2d at 510 (citing Jackson v. Long, 102 F.3d 722, 731 (4th Cir. 1996)).

In sum, Plaintiff's filings do not contain sufficient factual matter to proceed against Sheriff Barnes in his official capacity. Accordingly, to the extent Plaintiff asserts official capacity claims against Sheriff Barnes, the Court should dismiss those causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim.

## B. Sheriff Barnes – Individual Capacity Claims

With respect to individual capacity liability, Plaintiff further fails to state a Section 1983 claim against Sheriff Barnes.

## i. Speedy Due Process Violation

In that regard, Plaintiff grounds his alleged "Speedy Due Process" violation on "the [i]ncompetence of the Court Services Bureau" initially appointing him an ineligible attorney. (Docket Entry 2 at 2 (emphasis added).) According to Plaintiff, that "error" resulted in his "continued" confinement until after he received a court-appointed attorney that secured dismissal of his state-court criminal charges. (Id.; see also id. at 10 (asserting that "[Plaintiff] was incarcerated for two months without legal representation" because the lawyer initially assigned to Plaintiff's case "was not a court-appointed lawyer").)

To state a viable Section 1983 claim, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was

committed under color of state law." <u>American Mfrs. Mut. Ins. Co.</u> <u>v. Sullivan</u>, 526 U.S. 40, 49–50 (1999).  The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The term 'deprive,' as employed in the Fourteenth Amendment, suggests more than a mere failure to take reasonable care:  it connotes an <u>intentional or deliberate</u> denial of life, liberty, or property." <u>Pink v. Lester</u>, 52 F.3d 73, 75 (4th Cir. 1995) (emphasis added).

As such, a mere negligence theory of liability will not support a Section 1983 claim. <u>See</u> <u>id.</u> (discussing the "elementary lesson" that "negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983"); <u>see also</u> <u>Kingsley v. Hendrickson</u>, ___ U.S. ___, ___, 135 S. Ct. 2466, 2472 (2015) (observing that "'liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process'" (quoting <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 849 (1998))); <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986) (recognizing that, historically, the Fourteenth Amendment's "guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property," and holding that a "mere lack of due care by a state official," thus, cannot "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment"); <u>Ballinger v. Dagher</u>, Civ. Action No.

2:09-414, 2010 WL 1379923, at *2 (S.D. W. Va. Mar. 30, 2010) (holding that "[the p]laintiff's allegations of negligence and incompetence simply do not support a claim of constitutional dimension"). Instead, Section 1983 claims require "official conduct that entails some measure of deliberateness." <u>Pink</u>, 52 F.3d at 75.

In this case, Plaintiff does not assert that Sheriff Barnes (or anyone else) behaved in a manner that would meet the foregoing standard. (<u>See</u> Docket Entry 2 at 1-15.) Rather, Plaintiff grounds the speedy due process violation in the Court Services Bureau's purported "incompetence" in initially appointing him an ineligible attorney. (<u>See</u> <u>id.</u> at 2.) Importantly, however, "incompetence" does not qualify as the measure of deliberateness required to state a claim for relief under Section 1983. <u>See</u> <u>Burris v. Crosby</u>, Civ. Action No. 3:09-3114, 2010 WL 60906, at *4 (D.S.C. Jan. 6, 2010) ("The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. As negligence is not a constitutional violation, [the p]laintiff's claims regarding [the defendant]'s alleged incompetence fail to state a claim under § 1983." (citations omitted)). As a result, even if Plaintiff had asserted the speedy due process claim against an individual employee of the Court Services Bureau, that claim fails. <u>See</u> <u>id.</u> (dismissing section 1983 claims brought directly against a police department employee for alleged "incompetence").

To summarize, because a constitutional violation based upon a defendant's "incompetence" does not state a claim for relief under Section 1983, the Court should dismiss Plaintiff's speedy due process claim with prejudice.

## ii. False Arrest

Turning to the false arrest claim, Plaintiff asserts that he "was arrested and falsely accused of the possess[ion] of marijuana with the intent to sell and drug paraphernalia," and that he "was finger printed and booked on these allegations." (Docket Entry 2 at 2.) Plaintiff further reports that B.D. Estes arrested and jailed him without finding drugs or paraphernalia on his person. (Id. at 12.) Finally, Plaintiff alleges that his attorney eventually secured dismissal of the marijuana and drug paraphernalia charges. (Id. at 2.)

To state a cognizable Section 1983 claim for false arrest, Plaintiff must allege that law enforcement officers arrested him without probable cause. Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013) ("The Fourth Amendment also protects '[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures.' U.S. Const. amend. IV. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause."); see also Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003) (observing that an arrest qualifies as a seizure under the Fourth Amendment and

-14-

requires probable cause to remain reasonable).[6] "[P]robable cause
to justify an arrest means facts and circumstances within the
officer's knowledge that are sufficient to warrant a prudent
person, or one of reasonable caution, in believing, in the
circumstances shown, that the suspect has committed, is committing,
or is about to commit an offense." <u>Michigan v. DeFillippo</u>, 443
U.S. 31, 37 (1979) (internal quotation marks omitted). "Probable
cause requires more than bare suspicion but requires less than
evidence necessary to convict. It is an objective standard of
probability that reasonable and prudent persons apply in everyday
life. And when it is considered in the light of all of the
surrounding circumstances, even seemingly innocent activity may
provide a basis for finding probable cause." <u>Porterfield v. Lott</u>,
156 F.3d 563, 569 (4th Cir. 1998) (citations and internal quotation
marks omitted).

Here, Plaintiff does not allege that Sheriff Barnes took part
in his arrest, observed his arrest, or even knew of his arrest.

---

[6] It appears that a claim of false arrest could also
constitute a claim of false imprisonment. <u>See</u> <u>Wallace v. Kato</u>, 549
U.S. 384, 389 (2007) (stating that "[f]alse arrest and false
imprisonment overlap; the former is a species of the latter,"
referring "to the two torts together," and explaining that the tort
requires "detention *without legal process*" and thus "ends once the
victim becomes held pursuant to such process — when, for example,
he is bound over by a magistrate or arraigned on charges"); <u>Rogers
v. Pendleton</u>, 249 F.3d 279, 294 (4th Cir. 2001) (describing false
arrest and false imprisonment as both "essentially claims alleging
a seizure of the person in violation of the Fourth Amendment").

(See Docket Entry 2 at 1-15.)   Under these circumstances,

Plaintiff's conclusory assertions that he "was arrested and falsely

accused of the possess[ion] of marijuana with the intent to sell

and drug paraphernalia" (Docket Entry 2 at 2) fall far short of

stating a plausible false arrest claim against Sheriff Barnes.  See

Anderson v. Galvin, Civ. Action No. 0:08-744, 2008 WL 4441940, at

*4 (D.S.C. Sept. 29, 2008) ("While [the p]laintiff is not required

to plead facts sufficient to prove his case as an evidentiary

matter in the complaint, he must allege facts that support a claim

for relief." (citing Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.

2003)).[7]

---

[7] Because Plaintiff does not allege that Sheriff Barnes
assisted in his arrest or subsequent detention, to the extent the
Court could construe Plaintiff's filings to allege a claim of
malicious prosecution, such claim similarly fails to state a claim
for relief against Sheriff Barnes.  See Snider v. Seung Lee, 584
F.3d 193, 199 (4th Cir. 2009) ("While it is not entirely clear
whether the Constitution recognizes a separate constitutional right
to be free from malicious prosecution, if there is such a right,
the plaintiff must demonstrate both an unreasonable seizure and a
favorable termination of the criminal proceeding flowing from the
seizure." (citations omitted)); see also Wallace, 549 U.S. at 390
("[After a victim is held pursuant to legal process], unlawful
detention forms part of the damages for the entirely distinct tort
of malicious prosecution, which remedies detention accompanied, not
by absence of legal process, but by wrongful institution of legal
process.  If there is a false arrest claim, damages for that claim
cover the time of detention up until issuance of process or
arraignment, but not more.  From that point on, any damages
recoverable must be based on a malicious prosecution claim and on
the wrongful use of judicial process rather than detention itself."
(citations, footnote, and internal quotation marks omitted)).

Moreover, on the same date that Plaintiff filed this action (see Docket Entry 2 at 1 (showing time-stamped filing date of February 10, 2017)), he filed a separate case directly against "Police Officer B.D. Estes" of the "Greensboro City Police Department" for his involvement in Plaintiff's purported false arrest, Mobley v. Estes, No. 1:17-cv-114, Docket Entry 2 at 1-3 (M.D.N.C. Feb. 10, 2017) (reflecting time-stamped filing date of February 10, 2017). Importantly, in this case, Plaintiff does not assert that Sheriff Barnes shares a connection with the Greensboro City Police Department (see Docket Entry 2 at 1-15), but instead asserts that Sheriff Barnes serves as the sheriff of Guilford County (see id. at 1-2). As alleged, Sheriff Barnes therefore had nothing to do with Plaintiff's arrest; rather, B.D. Estes, a police officer that worked for a different police department (i.e., the Greensboro City Police Department) conducted Plaintiff's arrest. (See id. at 12.) That fact precludes any claim against Sheriff Barnes for Plaintiff's alleged false arrest. The Court should thus dismiss Plaintiff's false arrest claim against Sheriff Barnes with prejudice. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## iii. Bacterial Infection

Plaintiff's allegations of a bacterial infection fare no better. In that regard, Plaintiff asserts that his jail "accommodation . . . was infected with a bacterial infection which [he] became contaminated with," that he "was given a[n] antibiotic

cream and placed into isolation," and that, "[s]ince coming in contact with this unknown bacteria[, Plaintiff's] body has exacerbated into full multiple sclerosis." (Docket Entry 2 at 3.) Plaintiff further alleges that he was "jailed for months" with no regard for his "declining" health, that his "medical situation wasn't handled properly in jail," and that "[w]hen [he] was incarcerated [his] health declined even further and [he] had an exacerbation in jail, all while being sick with multiple sclerosis." (Id. at 10.) Against this backdrop, it appears that Plaintiff rests his "bacterial infection" claim on the allegedly improper medical treatment he received after contracting the bacterial infection in jail. (See id. at 2-3, 10.)[8]

Pretrial detainees enjoy "a constitutional right under the Fourteenth Amendment to the provision of medical care, which right is violated when a jail or prison official acts with deliberate indifference to 'a substantial risk of serious harm to an inmate.'" Layman v. Alexander, 294 F. Supp. 2d 784, 793 (W.D.N.C. 2003)

---

[8] To the extent Plaintiff alleges a constitutional violation for the mere presence of bacteria in the jail, because his filings provide no factual content that would establish deliberate indifference by anyone (see Docket Entry 2 at 1-15), such claim fails, see Grady v. Greenfield, Civ. Action No. 5:14-CT-3005, 2016 WL 7668463, at *4 (E.D.N.C. June 27, 2016) ("To make out a prima facie case that prison conditions violate the Due Process Clause, 'a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))).

(quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994) (holding that the Eighth Amendment requires provision of necessary medical care to prisoners)); <u>see also</u> <u>Brown v. Harris</u>, 240 F.3d 383, 388 (4th Cir. 2001) (deeming Eighth Amendment's standard for deliberate indifference of serious medical needs of prisoners applicable to parallel claims under the Fourteenth Amendment by pre-trial detainees).[9]  A claim for deliberate indifference to a pretrial detainee's serious medical needs under the Fourteenth Amendment requires a plaintiff to show that "he was detained under conditions posing a substantial risk of serious harm," and that "a prison or jail official knew of and disregarded an excessive risk to his

---

[9] The United States Supreme Court has held that an objective standard of reasonableness applies to a pretrial detainee's claim of excessive force under the Fourteenth Amendment's Due Process Clause.  <u>See</u> <u>Kingsley</u>, ___ U.S. at ___, 135 S. Ct. at 2470, 2473. That holding has called into question whether an objective standard of reasonableness applies to a pretrial detainee's claims that his prison conditions and/or medical treatment violate the Fourteenth Amendment's Due Process Clause.  <u>See</u> <u>Darnell v. Pineiro</u>, 849 F.3d 17, 35 (2d Cir. 2017) (concluding "that the Supreme Court's decision in <u>Kingsley</u> altered the standard for deliberate indifference claims under the Due Process Clause," and holding that, in light of <u>Kingsley</u>, an objective standard of deliberate indifference applies in due process cases); <u>see also</u> <u>Castro v. County of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (interpreting <u>Kingsley</u> as standing for the proposition that "a pretrial detainee who asserts a due process claim for failure to protect [must] prove more than negligence but less than subjective intent — something akin to reckless disregard"), <u>cert. denied</u>, No. 16-655, ___ U.S. ___, ___, 137 S. Ct. 831, 832 (2017).  However, the Fourth Circuit has not applied <u>Kingsley</u>'s holding outside of the excessive force context.

health or safety." Layman, 294 F. Supp. 2d at 793 (citing Brown, 240 F.3d at 389).

In this case, construed liberally, Plaintiff's filings allege that his contraction of the bacterial infection created a substantial risk of harm to his health (i.e., a serious medical need). (See Docket Entry 2 at 3.) However, Plaintiff's filings provide no factual matter showing that Sheriff Barnes (or any other person for that matter) knew of and disregarded that substantial risk of harm. (See id. at 1-15.) Rather, Plaintiff asserts that he received medical treatment in response to the bacterial infection (Docket Entry 2 at 3 (alleging that Plaintiff "was given a[n] antibiotic cream and placed into isolation" after he became "contaminated" with the infection)), without even contending that such medical treatment qualified as unreasonable (see id. at 1-15).

Moreover, even though Plaintiff's medical condition allegedly worsened (see Docket Entry 2 at 3 ("Since coming in contact with this unknown bacteria [Plaintiff's] body has exacerbated into full multiple sclerosis.")), that fact alone does not establish a section 1983 deliberate indifference to serious medical need claim, see, e.g., Layman, 294 F. Supp. 2d at 793. Accordingly, the Court should dismiss Plaintiff's claim of "bacterial infection" under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim, but

without prejudice, in the event Plaintiff possesses a good-faith

basis to present additional allegations in a new action.[10]

---

[10] On a final note, to the extent liability could extend to
Sheriff Barnes as the supervisor of those individuals who operate
the jail, such "supervisory liability" exists only where the
plaintiff establishes "(1) that the supervisor had actual or
constructive knowledge that his subordinate was engaged in conduct
that posed a pervasive and unreasonable risk of constitutional
injury to citizens like the plaintiff; (2) that the supervisor's
response to that knowledge was so inadequate as to show deliberate
indifference to or tacit authorization of the alleged offensive
practices; and (3) that there was an affirmative causal link
between the supervisor's inaction and the particular constitutional
injury suffered by the plaintiff." Randall v. Prince George's
Cty., Md., 302 F.3d 188, 206 (4th Cir. 2002) (internal quotation
marks omitted); see also id. at 203 (explaining that "supervisory
liability arises from the obligation of a supervisory law officer
to insure that his subordinates act within the law"). Here, (as
detailed above) Plaintiff has not alleged a viable Section 1983
claim for a violation of his constitutional rights. Therefore,
supervisory liability has not attached. Moreover, even if
Plaintiff's filings contained a properly pleaded Section 1983
claim, Plaintiff has not alleged that Sheriff Barnes possessed
actual or constructive knowledge that his subordinates engaged in
pervasive conduct (i.e., "widespread, or at least [having occurred]
on several different occasions," id. at 206 (internal quotation
marks omitted)) that posed an unreasonable risk of constitutional
injury to people like Plaintiff. (See Docket Entry 2 at 1-15.)
Importantly, "in establishing deliberate indifference . . ., a
plaintiff ordinarily cannot satisfy his burden of proof by pointing
to a single incident or isolated incidents for a supervisor cannot
be expected to guard against the deliberate criminal acts of his
properly trained employees when he has no basis upon which to
anticipate the misconduct." Randall, 302 F.3d at 206 (brackets,
ellipses, and internal quotation marks omitted)). Plaintiff
further fails to allege that Sheriff Barnes responded so
inadequately to any purported constitutional violations as to
demonstrate deliberate indifference to or tacit authorization of
those alleged violations. (See Docket Entry 2 at 1-15 (failing to
even allege Sheriff Barnes's awareness of Plaintiff's
constitutional concerns).) As to the third element of a
supervisory liability claim, Plaintiff has not alleged that Sheriff
Barnes's inaction caused Plaintiff's purported constitutional
injuries. (See id.) Under these circumstances, Plaintiff's

## CONCLUSION

Jail Defendants and the Guilford County Sheriff's Office are not amenable to suit under Section 1983, warranting dismissal of all claims against them. Furthermore, Plaintiff's filings do not state a claim for relief against Sheriff Barnes in either his official or individual capacity.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that Plaintiff's claims against the Guilford County Sheriff's Office, Court Services Bureau, Greensboro Detention Center, Legal Process Division, and Greensboro Detention Infirmary be dismissed as frivolous under 28 U.S.C. § 1915(e)(2), as those defendants are not amenable to suit under 42 U.S.C. § 1983.

**IT IS FURTHER RECOMMENDED** that Plaintiff's speedy due process and false arrest claims against Sheriff Barnes be dismissed with prejudice for failing to state a claim under 28 U.S.C. § 1915(e)(2).

---

filings provide no factual matter to support a supervisory theory of liability against Sheriff Barnes.

**IT IS FURTHER RECOMMENDED** that Plaintiff's bacterial infection claim against Sheriff Barnes be dismissed under 28 U.S.C. § 1915(e)(2) for failing to state a claim, but without prejudice.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 20, 2017